Benjamin P. Hursh
CROWLEY FLECK PLLP
305 South 4th Street East, Suite 100
P. O. Box 7099
Missoula, MT  59807-7099
Telephone:  (406) 523-3600
Facsimile:  (406) 523-3636
E-Mail:  bhursh@crowleyfleck.com

IN THE UNITED STATES BANKRUPCTY COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RENASCENT INC., | ) | Bankruptcy Case No. 10-62358-11 |
| | ) | |
| Debtor. | ) | Adversary Case No. 11-00045 |
| RENASCENT INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION TO DISMISS |
| | ) | PLAINTIFF'S COMPLAINT AND |
| COUNTRYWIDE HOME LOANS INC.; BAC | ) | MEMORANDUM IN SUPPORT |
| HOME LOAN SERVICING LP fka | ) | WITH NOTICE OF OPPORTUNITY |
| COUNTRYWIDE HOME LOANS | ) | TO RESPOND AND REQUEST A |
| SERVICING LP; THORNBURG MORTGAGE | ) | HEARING |
| SECURITIES TRUST 2007-3; RECONTRUST | ) | |
| COMPANY NA; MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS INC.; JOANNE | ) | |
| JOHNSON, the Ravalli, Montana, County | ) | |
| Treasurer; and any or all persons, known or | ) | |
| unknown, claiming or who might claim any | ) | |
| right, title, estate, or interest in or lien or | ) | |
| encumbrance upon the real property described in | ) | |
| the Complaint adverse to Plaintiffs' ownership | ) | |
| or any cloud upon Plaintiffs' title, whether the | ) | |
| claim or possible claim be present or contingent, | ) | |
| | ) | |
| Defendants. | ) | |

1

Defendants Countrywide Home Loans, Inc., ReconTrust Company, N.A., Bank of America, N.A., as successor by merger to BAC Home Loan Servicing LP fka Countrywide Home Loans Servicing, LP, Thornburg Mortgage Securities Trust 2007-3 and Mortgage Electronic Registration Systems, Inc., (collectively "Defendants") hereby move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint of Plaintiff Renascent, Inc., and each cause of action alleged therein against Defendants, on the grounds that the Complaint fails to state any claim upon which relief can be granted.

## I. INTRODUCTION

Plaintiff Renascent, Inc. ("Plaintiff") seeks a declaratory judgment quieting title to the property under Mont. Code Ann. § 70-28-101 and brings causes of action for negligence, wrongful foreclosure, and interference with prospective advantage. Specifically, Plaintiff alleges that "at the time of the recording of the Notice of Trustee's Sale, Defendants BAC Home Loans, Recontrust, and MERS did not have standing or any right to foreclose on the Property." Compl. ¶ 42.

As a threshold matter, Plaintiff lacks *standing* to bring the current adversarial action. It is not the real party in interest and cannot prosecute claims for third parties. The Note and Deed of Trust at issue in this matter were signed by Dan and Kelly Floyd ("Floyds"), individually, not Plaintiff. Plaintiff was neither the borrower under the Note nor the grantor under the Deed of Trust. Instead, after the loan closed and Floyds had encumbered the property, Floyds conveyed the property to Plaintiff, subject to the Deed of Trust.

Indeed, Plaintiff was not a party to the underlying loan transaction and Plaintiff has not alleged it had a relationship with the Defendants that would have permitted it to interfere, or inject itself into the transaction between Defendants and Floyds. Even if Plaintiff were the

2

proper party to assert these claims, Plaintiff has not alleged Defendants cannot enforce the terms

of the Note and Deed of Trust executed by Floyds.  Defendants' alleged acts taken in connection

with Non Judicial foreclosure of its interest under the Deed of Trust executed by Floyds were

consistent with the Small Tract Financing Act ("the Act") and Plaintiff has not alleged otherwise.

Thus, Plaintiff has failed to state a claim for which relief can be granted.

As such, Plaintiff's claims should be dismissed with prejudice for at least the following,

nonexclusive, reasons:

- Plaintiff lacks standing to file the claims made in the Complaint against Defendants;

- Plaintiff cannot seek to quiet title because it does not allege any successful challenge to Defendants' right to foreclose under the Note and Deed of Trust or sufficient facts in support of a cause of action for wrongful foreclosure;

- Plaintiff's negligence claim fails because as a matter of law Defendants did not owe it a duty of care;

- Plaintiff has not alleged sufficient facts in support of a cause of action for interference with prospective advantage.

In light of Plaintiff's lack of standing and failure to adequately allege a single claim against

Defendants, the Motion to Dismiss must be granted as to all claims.

## II.  STATEMENT OF RELEVANT FACTS

On July 17, 2006, Daniel and Kelley Floyd (the "Floyds") obtained a $3,000,000 loan

(the "Loan") from Countrywide Home Loans, Inc., ("CHL"), evidenced by a Note (the "Note")

and secured by a Deed of Trust (the "Deed of Trust") on property located at 81 Bell Crossing,

Victor, Montana, 59875 (the "Property").  *See* Exs. A & B, attached.[1]  The Deed of Trust names

Charles J. Peterson, Attorney at Law ("Peterson") as trustee and Mortgage Electronic

Registration System, Inc.  ("MERS") as beneficiary.  Ex. B attached.

On May 19, 2010, MERS executed an Assignment of Deed of Trust granting a beneficial

interest to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP

("BACHLS"), recorded as Document No. 631115 in Ravalli County.  Ex. C attached.  The same

day, BACHLS executed a Substitution of Trustee naming RECONTRUST Company, N.A.

("Recontrust") as Trustee, which was recorded as Document No. 631116 in Ravalli County.  Ex.

D attached.  Recontrust then executed a Notice of Trustee's Sale on behalf of BACHLS, which

was recorded as Document No. 631117 in Ravalli County.  Ex. E attached.

All of the documents referenced above refer to the Floyds as the Grantors of the Deed of

Trust.  On July 31, 2006, the Floyds executed a Warranty Deed conveying to Renascent the same

property referenced in the Deed of Trust they had executed in favor of Peterson and MERS two

weeks before to secure the loan.  Ex. F attached.

Plaintiff's Complaint alleges that BACHLS misidentified the owner of the loan, and that

"at the time of the recording of the Notice of Trustee's Sale, Defendants BAC Home Loans,

---

[1] This Court may take judicial notice of the attached Exhibits without converting Defendants' motion to dismiss to a motion for summary judgment.   Each of the Exhibits reflects a document filed and of record with the Ravalli County Clerk and Recorder.  *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("On a motion to dismiss . . . a court may take judicial notice of facts outside the pleadings. . . .  Moreover, a court may take judicial notice of records and reports of administrative bodies. . . .  Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.") (citations, quotations, and footnote omitted), overruled on other grounds by *Astoria Fed. Sav. & Loan Assn. v. Solimino*, 501 U.S. 104, 111 (1991).

Recontrust and MERS did not have standing or any right to foreclose on the Property." Compl. ¶¶ 28-31, 38-43. Plaintiff alleges that the filing of the Notice of Trustee's Sale was done without standing or the right to foreclose as a result of assignments of the beneficial interest in the Note and Deed of Trust and appointment of a substitute trustee executed the day before the filing of the Notice of Trustee's Sale. Compl. ¶¶ 40-41. Plaintiff further alleges that the filing of the Notice of Trustee's Sale lead to the cancellation of a scheduled auction of the property. *Id.* ¶ 43. On this basis, Plaintiff seeks to quiet title, and brings causes of action for negligence, wrongful foreclosure, and interference with prospective advantage. *Id.* ¶¶ 52-67.

Plaintiff is not the real party in interest with standing to bring claims arising from or derivative from Defendants' non judicial foreclosure action.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th

5

Cir. 2003).  Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true.  *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-52 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss.  *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir. 1996).  The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if their authenticity is not disputed.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  Ample authority exists which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss.  *In re Am. Contl. Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir.1996).  When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

## IV.  Legal Argument

Claims arising from or related to Defendants' non judicial foreclosure of its interest under the Deed of Trust executed by Floyds, must be prosecuted by Floyds, the Borrowers and Grantees in the underlying transaction, not Plaintiff.  As a preliminary matter, an action must be prosecuted in the name of the real party in interest.  Fed. R. Civ. P. 17(a).  Here, Floyds are the

real party in interest not Plaintiff.  Absent anywhere in the Complaint is an allegation that
Plaintiff was a borrower, grantor or otherwise a party to the Loan.  While the allegations of the
complaint imply that Plaintiff was the borrower in the underlying transaction, Exs. A and B
demonstrate this is incorrect.  Plaintiff cannot proceed because it is not the real party in interest.

The Note and the Deed of Trust were executed by Daniel and Kelley Floyd as
individuals, non-parties to this action.  Exs. A & B.  The terms of the Deed of Trust prohibited
the transfer of the borrower's interest without the lender's consent:

> Subject to the provisions of Section 18, any Successor in interest of Borrower who
> assumes Borrower's obligations under this Security Instrument in writing, and is
> approved by the Lender, shall obtain all of Borrower's rights and benefits under this
> Security Instrument.

Ex. A § 13.  Section 18 provides:

> If all or any part of the property or any interest in the Property is sold or transferred . . .
> without Lender's prior written consent, Lender may require immediate payment in
> full of all sums secured by this Security Interest.

*Id*. Ex A §18.  The Note executed by the Floyds contains these same provisions.  Ex. B § 11.
Lender did not consent to the conveyance from Floyds to Plaintiff and no basis exists contending
that Plaintiff is the real party in interest.  Plaintiff may have a claim against Floyds for breach of
the warranty deed, but it does not have a claim against Defendants.

Along with not being the real party in interest, Plaintiff lacks standing because it has
failed to allege facts establishing that its alleged injury is fairly traceable to the Defendants'
challenged behavior.  To have constitutional standing, a litigant must allege an "injury that is
concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged
behavior; and likely to be redressed by a favorable ruling."  *Davis v. Fed. Election Commn.*, 554
U.S. 724, 733, 128 S.Ct. 2759, 2768, 171 L.Ed.2d 737 (2008).  Here, by failing to state a claim

under their various counts, Plaintiff has failed to allege or show that its alleged injury is fairly traceable to Defendants' challenged behavior.

A.     PLAINTIFF'S CAUSE OF ACTION FOR NEGLIGENCE FAILS AS A MATTER OF LAW, AS DEFENDANTS OWED PLAINTIFF NO DUTY.

Plaintiff's negligence claim fails because the moving Defendants had no duty to modify the Plaintiff's (nonexistent) obligation under the Deed of Trust.  Plaintiff alleges that "Defendants all had duties to Plaintiff to act in commercially reasonable ways."  Compl. ¶ 54. Plaintiff further alleges that Defendants (as a group) failed to do so when they (1) noticed a Trustee's sale without standing to do so, (2) failed to communicate with Debtor, (3) failed to disclose who owned the Note and Deed of Trust, and (4) allegedly caused the cancellation of the auction of the property.  Compl. ¶ 54.

As a threshold matter, as noted above, Defendants cannot have owed a duty to Plaintiff, where their only contractual relationship was with the Floyds.  For this reason alone, Plaintiff's negligence claim fails as a matter of law because they lack standing.  Even if one assumes Plaintiff has standing, the allegations of the Complaint are still insufficient to plead a cause of action for negligence.  Negligence is "the failure to use the degree of care that an ordinarily prudent person would have used under the same circumstances."  *Barr v. Great Falls Intl. Airport Auth.,* 2005 MT 36, ¶ 41, 326 Mont. 93, 107 P.3d 471.  To maintain an action in negligence, the plaintiff must prove four essential elements: (1) the defendant owed the plaintiff a legal duty; (2) the defendant breached that duty; (3) the breach was the actual and proximate cause of an injury to the plaintiff; and (4) damages resulted.  *See Bonilla v. U. of Montana,* 2005 MT 183, ¶ 14, 328 Mont. 41, 116 P.3d 823; *Massee v. Thompson,* 2004 MT 121, ¶ 30, 321 Mont. 210, 90 P.3d 394.  As noted, actionable negligence arises only from the breach of a legal duty. Therefore, in order for there to be a genuine issue of material fact in a negligence case, there

8

must be a duty imposed on the defendant and allegations which, if proven, would support a

finding of a breach of the duty.  *Richardson v. Corvallis Public Sch. Dist. No. 1,* 286 Mont. 309,

313, 950 P.2d 748, 751 (1997).

The gravamen of Plaintiff's contentions is that Defendants owed Plaintiff a duty to

modify the loan.  Compl. ¶¶ 25-27.  In *Montana Bank of Circle, N.A. v. Ralph Meyers & Son,*

*Inc.,* the Montana Supreme Court held as follows:

> This Court has never held that a Montana bank is under a duty to renegotiate a
> defaulted loan and Meyers is unable to point to case law anywhere which so
> holds.  That argument is without merit.  Because there is no evidence that a duty
> exists, Bank is entitled to summary judgment.  *First Trust Co. of Montana v.*
> *McKenna* (1980), 188 Mont. 534, 614 P.2d 1027.  *See also*, *Central Bank of*
> *Montana v. Eystad* (Mont.1985), 710 P.2d 710, 42 St.Rep. 1850 (the bank has no
> duty to renew or extend the note indefinitely); § 28–1–211, MCA (bank need only
> act in a commercially reasonable manner); *First Nat'l Montana Bank of Missoula*
> *v. McGuiness* (1985), 217 Mont. 409, 705 P.2d 579, 42 St.Rep. 1288 (the exercise
> of good business sense does not constitute bad faith).

236 Mont. 236, 244, 769 P.2d 1208, 1213 (1989).

Plaintiff cannot claim a fiduciary duty to any of the Defendants.  It is well settled in

Montana that "[t]he relationship between a bank and its customer is generally described as that

of debtor and creditor . . . and as such does not give rise to fiduciary responsibilities."

*Lachenmaier v. First Bank Sys., Inc.*, 246 Mont. 26, 33, 803 P.2d 614, 618; *Deist v. Wachholz*,

208 Mont. 207, 216, 678 P.2d 188, 193 (1984); *Simmons v. Jenkins*, 230 Mont. 429, 433, 750

P.2d 1067, 1070 (1988).  There is a limited exception to this general rule upon proof of "special

circumstances," as, for example, where a bank is "thrust beyond the role of a simple creditor into

the role of an advisor."  *Lachenmaier*, 803 P.2d at 618, *Deist*, 678 P.2d at 193.

Indeed, multiple Montana decisions hold that the ordinary creditor-debtor relationship

between banks and their customers is not a "special relationship" giving rise to fiduciary duties,

or tort liability for the alleged violation of the implied covenant of good faith and fair dealing.  In

*Lachenmaier*, the court stated:

> It is the law in Montana that "[t]he relationship between a bank and its customer
> is generally described as that of debtor and creditor ... and as such does not give
> rise to fiduciary responsibilities." A limited exception to this general rule has been
> recognized upon proof of "special circumstances," as, for example, where a bank
> is "thrust beyond the role of a simple creditor into the role of an advisor."
> (Citations omitted).

246 Mont. at 33, 803 P.2d at 618.

Such "special circumstances" creating an advisor-advisee relationship *(Simmons Oil,* 258

Mont. at 85, 852 P.2d at 526) or an agency relationship *(Deist v. Wachholz,* 208 Mont. 207, 678

P.2d 188) *must* exist before a fiduciary duty arises."  *McCoy v. First Citizens Bank*, 2006 MT

307, ¶ 30, 335 Mont. 1, 148 P.3d 677.[2]

Here, Plaintiff has pled no facts to establish any such "special relationship," and as a

matter of Montana law, their relationship with the Defendants is simply that of debtor-creditor,

governed by the specific provisions of the Montana Small Tract Financing Act ("STFA"), Mont.

Code Ann § 71-1-301, *et seq.*  The contracts at issue in this case (i.e., the Note and Deed of

Trust) are a promissory note and trust indenture for a common residential loan.  Under Montana

law, the relationship between parties to such contracts is governed by the STFA, which sets forth

a specific statutory framework for the conduct and procedures required of the parties to trust

indentures, with respect to foreclosure of trust indentures in particular.  Because these "specific

---

[2] The Ninth Circuit has also recognized that no duty exists between lenders and debtors.  *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882-83 (9th Cir. 2007).

statutory provisions" govern the conduct of parties to such contracts, there can be no claim based on a "special relationship" giving rise to tort damages for negligence.

Therefore, as Plaintiff has not pled any facts alleging that its relationship (to the extent that it has one at all) with Defendants was anything beyond a simple debtor-creditor relationship, and as there exists no duty to renegotiate or modify the defaulted loan, under either common law or the terms of the Deed of Trust, Plaintiff cannot state a claim for negligence.  For all of the foregoing reasons, Plaintiff's negligence cause of action fails as a matter of law.

B.   PLAINTIFF DOES NOT PLEAD FACTS SUFFICIENT TO ESTABLISH A CAUSE OF ACTION FOR WRONGFUL FORECLOSURE.

Plaintiff alleges that "at the time of the recording of the Notice of Trustee's Sale, Defendants BAC Home Loans, Recontrust, and MERS did not have standing or any right to foreclose on the Property."  Compl. ¶ 42.  Plaintiff makes no factual allegations whatsoever about the conduct of the foreclosure itself or its propriety under Montana statute, and does not deny that the loan was in default prior to the foreclosure.  *Id.* ¶¶ 18-22.  Therefore, Plaintiff is unable to state a claim for wrongful foreclosure, as the property was foreclosed after default, which Plaintiff does not deny.  *Id.*  In fact, the only argument that Plaintiff makes in regard to the alleged wrongful nature of the foreclosure is its contention that Defendants have no standing to foreclose because the assignment, appointment of substitute trustee, and Notice of Trustee's Sale were all executed on May 19, 2010 and filed on May 20, 2010.  *Id.* ¶¶ 40-42, 60.  Plaintiff does not – and cannot – cite to any provision of either Montana law or the Deed of Trust that was violated by either the assignment or the appointment of the substitute Trustee.  Indeed, the Deed of Trust specifically states "The Note or a partial interest in the Note (together with this Security Interest) can be sold one or more times without prior notice to the Borrower."  Ex. A § 20.

The terms of the Act place no further conditions on this right to assign. *See* Mont. Code Ann. § 71-1-207. The Deed of Trust also provides that the lender may, at any time, appoint a substitute trustee. *Id*. at § 24. This power is authorized by the terms of the Act:

> The beneficiary may appoint a successor trustee at any time by filing for record, in the office of the clerk and recorder of each county in which the trust property or some part of the trust property is situated, a substitution of trustee. The substitution must identify the trust indenture by stating the names of the original parties to the trust indenture and the date of recordation and the book and page where the information is recorded, must state the name and mailing address of the new trustee, and must be executed and acknowledged by all of the beneficiaries designated in the trust indenture or their successors in interest. From the time the substitution is filed for record, the new trustee is vested with all the power, duties, authority, and title of the trustee named in the trust indenture and of any successor trustee.

Mont. Code Ann. § 71-1-306(2).

There is no provision of the statute or the Deed of Trust which places any restriction on the timing of any assignment or substitution. The relevant statute gives the power of the sale to the Trustee, conditioned only on default: "When a transfer in trust of an interest in real property is made to secure the performance of the obligation referred to in subsection (1), a power of sale is conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security." Mont. Code Ann. § 71-1-304(2). In short, Plaintiff's own narrative of events show that the foreclosure was proper, and Plaintiff's cause of action for wrongful foreclosure fails.

C.    PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO SHOW INTERFERENCE WITH PROSPECTIVE   ADVANTAGE.

Plaintiff's fourth cause of action alleges that Defendants committed the tort of interference with prospective advantage by filing the Notice of Trustee's Sale. Compl. ¶ 65. Plaintiff specifically alleges that the filing was improper because Defendants had no standing to do so. *Id*.

12

The tort of intentional interference with prospective economic advantage requires acts that are: (1) intentional and willful; (2) calculated to cause damage to the plaintiff's business; (3) done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor; and (4) result in actual damages. *Farrington v. Buttrey Food & Drug Stores Co.*, 272 Mont. 140, 143, 900 P.2d 277, 279 (1995). Thus, in order to establish a cause of action, it must be shown that the actor intentionally committed a wrongful act without justification or excuse. *Id.* In determining whether an actor's conduct is improper, the courts consider factors such as: (1) the nature of the actor's conduct; (2) the actor's motive; (3) the interests of the other with which the actor's conduct interferes; (4) the interests sought to be advanced by the actor; (5) the social interests in protecting the freedom of action of the actor and the contractual interests of the other; (6) the proximity or remoteness of the actor's conduct to the interference, and (7) the relations between the parties. *Id.*

First, to the extent that Plaintiff's cause of action is dependent upon or derivative of Plaintiff's failed claim for wrongful foreclosure, it too must fail. *See* Section IV.C, *infra*. Additionally, even granting the required deference to the allegations of Plaintiff's Complaint required when considering a motion to dismiss, Plaintiff cannot show the required elements of the tort. Plaintiff avers no facts suggesting that the filing of the Notice of Trustee's Sale was done with the intent of harming Plaintiff. Further, the filing of the Notice of Trustee's Sale was done with justifiable cause, as under Montana law, the holder of a security interest in real property may foreclose upon a default by the borrower. *See* Mont. Code Ann. §§ 71-1-304(2); 71-1-223. Here, the actor's conduct was sanctioned by statute and done in the ordinary course of business, with the sole motive of collecting on a secured debt.

13

Finally, as noted above, the relationship between the parties here is tenuous at best, as Plaintiff came into its right to the property in a transfer from the Floyds done without the knowledge or consent of the lender.  For all these reasons, Defendants' conduct cannot be considered improper.  *See Farrington,* 272 Mont. at 143, 900 P.2d at 279.  Accordingly, Plaintiff's cause of action must fail.

D.    PLAINTIFF FAILS TO PLEAD ANY CHALLENGE TO DEFENDANTS' RIGHT TO FORECLOSE ENTITLING IT TO QUIET TITLE.

Plaintiff's first claim for relief seeks to quiet title as "none of the named or unnamed Defendants owns the Note and Deed of Trust. . . ."  Compl. ¶ 51.  Plaintiff makes no specific factual allegations in setting forth this count of the Complaint, relying entirely on the same factual averments that supported the other causes of action.  Compl. ¶¶ 49-51.

Under Montana law, the right to bring an action to quiet title is codified in statute.  The relevant section of the Code provides:

> **70-28-101. Quiet title action authorized.** An action may be brought and prosecuted to final decree, judgment, or order by any person or persons, whether in actual possession or not, claiming title to real estate against any person or persons, both known and unknown, who claim or may claim any right, title, estate, or interest therein or lien or encumbrance thereon adverse to plaintiff's ownership or any cloud upon plaintiff's title thereto, whether such claim or possible claim be present or contingent, including any claim or possible claim of dower, inchoate or accrued, for the purpose of determining such claim or possible claim and quieting the title to said real estate.

Mont. Code Ann. § 70-28-101.

The Plaintiff in an action to quiet title must rely on the strength of his own title, and not the weakness of the defendant's title.  *Funk v. Robbin*, 212 Mont. 437, 442, 689 P.2d 1215, 1218 (1984).  In this instance, Plaintiff has failed to show any wrongdoing on the part of any Defendant under either a theory of negligence or wrongful foreclosure.  *See* Section IV. (B) and

14

(C), *infra*.  Accordingly, there is no merit to Plaintiff's request for quiet title, and this claim should be dismissed.

V. CONCLUSION

The Complaint should be dismissed with prejudice.  As detailed above, Plaintiff has no standing to seek relief against Defendants, as it is not the real party in action and has failed to establish that any alleged injury it suffered is fairly traceable to the Defendants' challenged behavior.  To the contrary, based on its own allegations and the Exhibits, any alleged injury it suffered is fairly traceable to its shareholders who used its property to secure a loan and then conveyed the property to it with the encumbrance.  Further, Plaintiff's theories of recovery are invalid and contrary to the terms of the Note and Deed of Trust and relevant Montana law.  The Court should dismiss the action with prejudice.

Dated this 9th day of September, 2011.

CROWLEY FLECK PLLP


/s/ Benjamin P. Hursh
Crowley Fleck PLLP
P.O. Box 7099
Missoula, MT 59807-7099

**NOTICE OF OPPORTUNITY TO RESPOND**
**AND REQUEST A HEARING**

**If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion.  The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**
**Date: _____**
**Time:_____**
**Location:_____**

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

Dated this 9th day of September, 2011.

CROWLEY FLECK PLLP


/s/ Benjamin P. Hursh
Crowley Fleck PLLP
P.O. Box 7099
Missoula, MT 59807-7099

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that on September 9, 2011, a copy of the foregoing pleading was served (i) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail to the following parties:  None.

                                    /s/ Benjamin P. Hursh
                                    Crowley Fleck PLLP
                                    P.O. Box 7099
                                    Missoula, MT 59807-7099